IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| ALIMAK HEK, INC., § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 1:11-CV-00622-SS |
| § | |
| CHARLES HERRERA, D/B/A § | |
| AUSTIN ELEVATOR CONSULTANTS; § | |
| WILLIAM F. MIMS, JR.; and RACK & § | |
| PINION MFG., INC., § | |
| § | |
| Defendants. § | |

## PLAINTIFF'S SECOND AMENDED COMPLAINT

Pursuant to Fed. R. Civ. P 15 (a) Plaintiff amends its First Amended Complaint by substituting the following in lieu thereof:

### THE PARTIES

1. Alimak Hek, Inc. ("Alimak") is a Connecticut corporation authorized to do business in the State of Texas, having its Texas place of business in Houston, Texas.

2. Defendant Charles Herrera is an individual who, with others whose names are not known to the Plaintiff, owns and is engaged in businesses known as Austin Elevator Consultants, and whose principal office is located in Travis County, Texas.

3. William F. Mims, Jr. is an individual who, with others whose names are not known to the Plaintiff, owns and is engaged in a business known as Rack & Pinion Mfg., Inc., and who resides at 667 HCR 1256, Whitney, Hill County, Texas 76692.

4. Rack & Pinion Mfg., Inc. is a Texas for-profit corporation which is engaged in a business known as R & P, Inc., and whose principal office is located in Hill County, Texas.

**JURISDICTION AND VENUE**

5.    This Court has jurisdiction over this action under 28 U.S.C. § 1331 because the action arises under the laws of the United States.

6.    This Court has jurisdiction over Alimak's claims arising under Texas statutory and common law under 28 U.S.C. § 1367 because those claims are within the same controversy as Alimak's claim arising under the laws of the United States.

7.    This Court has personal jurisdiction over the Defendants because they reside in the State of Texas.

8.    Venue is proper in this Court under 28 U.S.C. § 1391(b)(1) because one or more Defendants reside in this District and all Defendants reside within this State.  Venue is also proper in this Court under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Alimak's claims occurred in this District.

**FACTS**

9.    This case involves Defendants' unauthorized and illegal use of a federally registered trademark, "Alimak," which the Plaintiff has the exclusive right to use and to protect in the United States, all in violation of federal and state law.

10.    Alimak Hek Group AB ("Alimak Hek AB") is a limited liability company organized and existing under the laws of Sweden and is the owner of the trademark, "ALIMAK," ("the Alimak mark") which is registered under the laws of the United States and which has been used exclusively by Alimak Hek AB since 1968 and by Alimak since 2006.  A true and correct copy of the federal registration is attached hereto as Exhibit A.

11.    Alimak Hek AB manufactures industrial elevators and material hoists and related parts.  The Plaintiff, Alimak, is the exclusive distributor of Alimak products in the United States.

12. Alimak is the exclusive licensee of the Alimak mark in the United States pursuant to an Exclusive License Agreement with Alimak Hek AB.

13. The Alimak brand elevators, hoists and related parts are precisely engineered and manufactured in accordance with strenuous manufacturing and design standards.

14. One critical part of the Alimak elevator is the safety device which engages to stop and hold the car in the event of predetermined overspeed or free fall if the operational brake system fails to perform properly.

15. The safety device is manufactured only at the Alimak Hek AB facility in Sweden and is sealed before being affixed to the elevator. A diagram showing the safety device, the sealed bolts and the location of the Alimak mark is attached hereto as Exhibit B. A photograph depicting the safety device and the engraving of the Alimak mark is attached hereto as Exhibit C. The Alimak mark is engraved in a number of places on the outer shell of the sealed safety device, all as shown on Exhibit C.

16. Neither Alimak Hek AB nor Alimak authorizes or allows the dismantling of the safety device or breaking of the sealed container. To the contrary, the maintenance manual accompanying the delivery of the elevator requires that the safety device be returned to the factory in Sweden for any repairs or rebuilding in accordance with the manufacturer's stringent engineering standards and to ensure the product's safety. Even Alimak is not allowed to dismantle the safety device and break the seal.

17. Various engineering and regulatory standards recognize and require the necessity for restricting the dismantling of the safety device. Standards developed by the American Society of Mechanical Engineers (ASME) require the replacement of internal parts of a sealed safety device to be performed or furnished only by the original manufacturer (ASME A17.1-

2010/CSA B44-10 Safety Code for Elevators and Escalators; requirement 8.6.6.1 Rack-and-Pinion Elevators and requirement 8.6.7.7.1 Periodic Test of Special Purpose Personnel Elevators). Federal OSHA regulations require employers owning or using rack and pinion industrial elevators to follow the manufacturer's recommendations concerning safety devices. (29 C.F.R. 1926. 552(a)(1)).

18.     In 2011, at a time known to the Defendants, upon information and belief, the Defendants removed or caused the removal of the safety device attached to an Alimak elevator owned by CPS Energy, dismantled the sealed device, broke the seal installed by Alimak Hek AB, rebuilt the safety device, resealed the device and reattached the device to the CPS Energy elevator. In the process of dismantling and rebuilding the device, the Defendants also changed the date of drop testing information as shown in the photograph of the CPS safety device attached hereto as Exhibit D.

19.     Following the aforesaid dismantling, rebuilding, resealing and changing of the testing date, the Alimak mark remained and still remains on the safety device, all as shown on Exhibits C and D.

20.     The dismantling, rebuilding and relabeling of the safety device with the Alimak mark by Defendant as described above creates a likelihood of confusion as to the source of the rebuilding and testing and misleads customers and others as to the party responsible for the manufacture, testing and composition of the safety device in violation of state and federal laws.

21.     After the filing of Plaintiff's Original Complaint, Plaintiff learned that Defendants, or one of them in concert with the other, removed the metal testing information strip from the safety device and substituted therefor a testing strip identifying Austin Elevator Consultants as having performed a drop test for the safety brake and inserting additional

misleading information about the safety brake and its certification, all of which adds further confusion as to the source of the rebuilding of the safety brake and the testing and certification of the safety brake.  A photograph showing the Austin Elevator Consultants testing strip is attached hereto as Exhibit E.

22. Promptly upon discovery of the original dismantling and rebuilding, Alimak notified the Defendants of its concern and demanded that the Defendants cease and desist the illegal conduct and to remedy confusion in the marketplace.  True and correct copies of Alimak's demands are attached hereto as Exhibits F and G.  Defendants have not taken appropriate corrective action in response to Alimak's demands and, in fact, have caused further confusion as to origin of the rebuilding and testing and of the party responsible for the composition of the safety brake.

## COUNT ONE

## VIOLATION OF THE LANHAM ACT

23. All preceding paragraphs of the Complaint are realleged and incorporated by reference.

24. Defendants' conduct constitutes a violation of 15 U.S.C. § 1125(a)(1), which creates civil liability for acts that are "likely to cause confusion, or to cause mistake, or to deceive as to . . . the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person."  Alimak has been damaged and is being damaged by the Defendants' actions in violation of this statute.  Alimak's damages are continuing and irreparable, and Alimak's legal remedies are inadequate.

25. Alimak is entitled to temporary and permanent injunctive relief enjoining the Defendants from continuing the described unfair competition and passing off and requiring the

Defendants to institute appropriate corrective measures to remedy past and future activities and conduct which have confused and will continue to confuse customers and potential customers and cause and result in unfair competition.

26. The Defendants' conduct has been willful, in bad faith, and Alimak is entitled to recover its reasonable attorneys fees and expenses.

## COUNT TWO

### INJURY TO ALIMAK'S BUSINESS REPUTATION IN VIOLATION OF STATE LAW

27. All the preceding paragraphs of the Complaint are realleged and incorporated herein by reference.

28. Defendants' conduct is likely to injure Alimak's business reputation in violation of Tex. Bus. & Com. Code § 16.29. Accordingly, Alimak is entitled to temporary and permanent injunctive relief.

### PRAYER

29. Alimak respectfully requests a judgment providing that:

   (a) Defendants be temporarily and permanently enjoined from dismantling, repairing, rebuilding, or relabeling any Alimak or Alimak Hek AB safety devices in violation of the Lanham Act;

   (b) Defendants be temporarily and permanently enjoined from dismantling, repairing, rebuilding, or relabeling any Alimak or Alimak Hek AB devices in violation Tex. Bus. & Com. Code § 16.29;

   (c) Alimak recover its attorneys' fees and costs; and

   (d) Alimak be awarded such other and further legal and equitable relief to which it is entitled.

Dated:  August 10, 2011

        Respectfully submitted,

        **SPELL PLESS SAURO, PC**

        By: */s/ Leroy Penn Spell*
           Leroy Penn Spell, Esq.
           Georgia State Bar No. 670900
           The Proscenium, Suite 1750
           1170 Peachtree Street, NE
           Atlanta, Georgia 30309-7675
           (404) 892-2100 Main
           (404) 875-0798 Fax
           penn.spell@spellpless.com

        **Attorney for the Plaintiff**
        Admitted Pro Hac Vice

Of Counsel:

Gavin Villareal
Texas Bar No. 24008211
gavin.villareal@bakerbotts.com
Dustin Howell
Texas Bar No. 24050169
dustin.howell@bakerbotts.com
Baker Botts L.L.P.
98 San Jacinto Boulevard
Suite 1500
Austin, Texas 78701-4078
(512) 322-2500 Main
(512) 322-2501 Fax

**CERTIFICATE OF SERVICE**

      On August 10, 2011, I electronically submitted the foregoing document with the clerk of the court of the U.S. District Court, Western District of Texas, using the electronic case filing system of the Court. I hereby certify that I will serve Charles Herrera, William F. Mims, and Rack & Pinion Mfg., Inc. individually or through their counsel of record, electronically, or by other means authorized by the Court or the Federal Rules of Civil Procedure.

      */s/ Dustin M. Howell*
      Dustin M. Howell